UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS DESIMONE, <br><br> Petitioner <br><br> v. <br><br> WARDEN J. GREENE, <br><br> Respondent. | CIVIL ACTION NO. 3:25-CV-01684 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Pending before the Court is Petitioner Paris Desimone's ("Desimone") petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). For the reasons set forth below, the petition will be dismissed as moot.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On September 3, 2025, while incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, Desimone commenced the above-captioned action by filing a Section 2241 petition seeking to be placed in a residential reentry center or halfway house under the Second Chance Act or First Step Act. (Doc. 1). The Court received the petition on September 9, 2025. (Doc. 1). On September 19, 2025, the Court received payment of the filing fee. (Doc. 6).

The Court reviewed the BOP inmate locator, which revealed that Desimone was released from federal custody on October 24, 2025. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Desimone, having a "Register Number" of "46779-510," was "not in BOP custody as of: 10/24/2025." Thus, on November 14, 2025, the Court issued an order directing Desimone

to show cause why his petition should not be dismissed as moot. (Doc. 7). The Court has not received a response from Desimone.

## II.  DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Abreu*, 971 F.3d at 406 (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Abreu*, 971 F.3d at 406 (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *Abreu*, 971 F.3d at 406 (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *Burkey*, 556 F.3d at 148 (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Desimone was no longer in federal custody as of October 24, 2025, Desimone may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See Abreu*, 971 F.3d at 406. Here, the period of time granted for Desimone to demonstrate that he continues to suffer from secondary or collateral consequences of his federal sentence has passed, and Desimone has failed to respond. As a result, his petition will be dismissed as moot.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, Desimone's Section 2241 petition will be dismissed as moot. An appropriate order follows.

**Dated: February 2, 2026**                                    *s/ Karoline Mehalchick*
                                                               **KAROLINE MEHALCHICK**
                                                               **United States District Judge**